UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CALISTOGA WINES & SPIRITS,                                    PLAINTIFFS
LLC, ET AL.

V.                                        CIVIL ACTION NO. 3:26-CV-241-CWR-ASH

RUAN TRANSPORT CORPORATION                                      DEFENDANT

ORDER

This matter is before the Court sua sponte to address deficiencies in the Rule 7.1 disclosure

statement [11] filed jointly by Plaintiffs Calistoga Wines & Spirits, LLC; Pitts Wine & Spirits, LLC;

and Buckshots, LLC. Rule 7.1(a)(2)(A) requires every party in a diversity case to file a disclosure

statement that "name[s]—and identif[ies]—every individual or entity whose citizenship is attributed

to that party." Plaintiffs' disclosure fails to do so. Plaintiffs' statement addresses whether they are

publicly traded, names their owners, and discloses their principal places of business. Stmt. [11] at 1–

2. This stops short of what Rule 7.1 requires.

"A party seeking to establish diversity jurisdiction must specifically allege the citizenship of

every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v.*

*Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017); *see also Harvey v. Grey Wolf Drilling*

*Co*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue

have reached the same conclusion: like limited partnerships and other unincorporated associations or

entities, the citizenship of a LLC is determined by the citizenship of all of its members.").

Plaintiffs' disclosure identifies only the *owners* of Calistoga, Pitts, and Buckshots. To comply

with Rule 7.1, however, Plaintiffs must identify the *members* of those entities. *See Midcap Media Fin.,*

*L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019); *see also SXSW, L.L.C. v. Fed. Ins. Co.*,

83 F.4th 405, 407 (5th Cir. 2023) (explaining that LLC *ownership* and *membership* are not necessarily

synonymous). If Plaintiffs' respective owners are also their only members, Plaintiffs must state so.

Additionally, Plaintiffs' disclosure fails to assert the *citizenship* of their respective members. Plaintiffs'

corrected disclosure must not only identify the members of each entity, but also state the citizenship (not residence) of those members. And if any of Plaintiffs' members are themselves entities, Plaintiffs must properly assert that entity's citizenship as well. *See MMI Cap. Partners "The Palms", LLC v. MS Palms Two Partners, LLC*, No. 1:17-CV-193-HSO-JCG, 2017 WL 11318981, at *1 (S.D. Miss. Nov. 9, 2017).

Plaintiffs are ordered to submit a corrected and complete Rule 7.1 disclosure by June 23, 2026.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE